UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES R BOREN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2006 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM & ORDER

This is a premises liability case arising from a slip and fall on a single wet wipe at a Wal-Mart store. Defendant's Supplemental Partial and Traditional And No-Evidence Motion for Summary Judgment on Plaintiff's Gross Negligence Claim Only ("Partial Motion for Summary Judgment") is pending. (Doc. No. 28.)

**I.  BACKGROUND**

While shopping at a Wal-Mart store in Tomball, Texas, Plaintiff James Boren ("Plaintiff" or "Mr. Boren") slipped on a single wet wipe and fell. (*See* Doc. No. 20-1 at 31; Doc. No. 24-28.) Plaintiff brings claims for premises liability and gross negligence against Defendant Wal-Mart Stores Texas, LLC ("Defendant" or "Wal-Mart").

On February 2, 2018, this Court held a hearing on Defendant's first Motion for Summary Judgment (Doc. No. 20). At that hearing, the Court denied summary judgment on premises liability and withheld ruling on gross negligence pending the parties' completion of discovery. (*See* Feb. 2, 2018 Minute Entry.) The instant motion supplements Defendant's first motion for summary judgment on the gross negligence claim. (Doc. No. 28.) Plaintiff responded. (Doc. No.

1

29.) In addition to the evidence submitted during the first round of summary judgment briefing—Mr. Boren's deposition, the incident report Mr. Boren filled out after his fall, the video from the store, and still photographs from the video—the Court now also has the depositions of two assistant managers for Wal-Mart and several documents showing Wal-Mart safety practices. (*See* Doc. Nos. 28-1 – 28-2, 29-1 – 29-10.)

A store surveillance video shows the fall. (Doc. No. 24-1.) The video begins at 4:08:21 p.m. and runs for three hours. The video shows a wide aisle running across the store. To the left of the aisle are the front cash registers and to the right is clothing merchandise. It appears to be a part of the store that most customers would walk through, which Wal-Mart employees refer to as an "action alley." Indeed, the video shows dozens of customers walk through this area, and at about twelve different times in the first hour of the video a Wal-Mart employee walks by. About an hour into the video, at 5:07:52, Plaintiff falls. At no point can the wet wipe be seen on the floor in the video, possibly due to glare from the lights. When Plaintiff slips, a skid mark appears on the floor and the video shows Plaintiff pick something up from the floor. The wet wipe can be seen in Plaintiff's hand.

Plaintiff did not see anyone drop the wet wipe. (Doc. No. 20-1 at 31:12-31:14.) Plaintiff does not remember if the wet wipe was wet or dry to the touch. (*Id.* at 31:15-31:17.) Plaintiff believes the wet wipe was still white, and does not recall seeing any dirt or cart tracks on it. (*Id.* at 31:24-32:6.) No other witness has testified to seeing the wet wipe before Plaintiff's fall.

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. § 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In gauging the existence of genuine disputes, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Carmona v. Southwest Airlines Co.*, 604 F.3d 848, 854 (5th Cir. 2010).

In cases removed to this Court based on diversity jurisdiction, the Court applies state substantive law as determined by the state's highest court. *Westlake Petrochemicals, L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012). Texas law applies here.

### III. ANALYSIS

Gross negligence consists of both objective and subjective elements. *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). To prove gross negligence, a plaintiff must show that (1) "viewed objectively from the actor's standpoint," the act "involve[d] an extreme degree of risk, consider the probability and magnitude of the potential harm to others" and (2) the actor had "actual, subjective awareness of the risk involved, but nevertheless proceed[ed] in conscious indifference to the rights, safety, or welfare of others." *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014) (per curiam). "The standard for proving gross negligence under Texas law is considerably more stringent than the 'reasonable person' standard for ordinary negligence." *Henderson v. Norfolk S. Corp.*, 55 F.3d 1066, 1070–71 (5th Cir. 1995); *see also Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 327 (Tex. 1993) (emphasizing the distinction between gross and ordinary negligence). Under the objective element, an extreme risk is "not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious

injury to the plaintiff." *Boerjan*, 436 S.W.3d at 311 (citation omitted). Under the subjective element, "actual awareness means the defendant knew about the peril, but its acts or omissions demonstrated that it did not care." *Id.* The subjective element calls for awareness of the specific peril. For example, in *U-Haul International, Inc.*, the Texas Supreme Court stated that the plaintiff must offer evidence that defendant had actual awareness of parking-brake problems on the truck at issue to establish the subjective element of gross negligence. 380 S.W.3d at 137.

Courts have rejected similar gross negligence claims in other slip-and-fall cases. *See Austin v. Kroger Texas L.P.*, 746 F.3d 191 (5th Cir. 2014) (noting the "high evidentiary standard that applies to gross negligence claims"); *Flores v. Cheddar's Casual Café, Inc.*, 2015 WL 12748639 (July 17, 2015, S.D. Tex. 2015) (knowledge of a dangerous condition was not evidence that business "was aware of the risk, yet nonetheless proceeded with conscious indifference to the rights, safety, and welfare of others" where defendant was also taking steps to remedy the condition); *Cecil v. T.M.E. Investments, Inc.*, 893 S.W.2d 38, 53 (Tex. App. 1994) (finding an issue of fact on the objective risk prong of gross negligence, but rejecting the gross negligence claim because there was no evidence of the subjective prong); *Molina v. J.C. Penney Co., Inc.*, 2015 WL 183899 (Jan. 14, 2015, N.D. Cal. 2015) (gross negligence standard could *not* be applied to situation where J.C. Penney's employees knew there was merchandise on the floor and left it there for hours).

Gross negligence claims in slip-and-fall cases can survive summary judgment in a "narrow category" of premises liability claims where a condition is "so inherently dangerous" that the storeowner is automatically on notice of the hazard. *Briley v. Wal-Mart Stores, Inc.*, 2018 WL 276368, at *3 (Jan. 3, 2018, S.D. Tex. 2018) (collecting cases). This case does not fit into that narrow category. The narrow category includes fruit and ice displays set up by the store,

as well as hazards that had resulted in multiple accidents within a few weeks. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297 (Tex. 1983) (grape display "in an open, slanted bin above a green linoleum tile floor resulted in an unreasonable risk of customers falling on grapes that have fallen or been knocked to the floor"); *Nat'l Convenience Stores, Inc. v. Erevia*, 73 S.W.3d 518, 523 (Tex. App.— Houston [1st Dist.] 2002, pet. denied) (ice and water display that produced puddles); *Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901 (Tex. App.—Dallas 2003, no pet.) (mat that frequently buckled, leading an employee to straighten it 48 to 86 times per hour); *Briley*, 2018 WL 276368, at *1 (cherry display that the store knew could lead to loose or fallen fruits). A stray wet wipe of an unknown origin is distinguishable from a dangerous fruit or ice display the store designed.

Plaintiff establishes that assistant managers at Wal-Mart view slip-and-falls as a risk that can cause serious injuries. (*See* Doc. No. 29-1, Deposition of Mikki DeShazier; Doc. No. 29-2, Deposition of Cary Bellville.) Plaintiff also presents evidence that all Wal-Mart employees are tasked with cleaning and "pick[ing] up even the smallest debris on the floor." (Doc. No. 29-1 at 27:6-13; Doc. No. 29-2 at 6:6-12, 39:21-40:15.) Additionally, there is evidence that no safety patrols or sweeps occurred in the area of Mr. Boren's fall in the hour before he fell. (Doc. No. 29-1 at 72:1-74:2; Doc. No. 29-2 at 38:6-15.) The video shows that at about twelve different times in the first hour of the video a Wal-Mart employee walked by the area where Mr. Boren fell.[1] The video does *not* show the wet wipe or whether any Wal-Mart employees who passed the area saw the wet wipe.

---

[1] Plaintiff incorporated his response to the previous motion for summary judgment by reference. In that response, all references to gross negligence related to the argument that Wal-Mart failed to follow its own policies and procedures of safety inspections. (Doc. No. 24.)

5

At bottom, Plaintiff's evidence may satisfy the objective risk element, but it does not satisfy the subjective awareness element. Plaintiff's focus is misguided. The issues are not whether slip-and-falls present an extreme risk at stores and whether Wal-Mart employees are aware of the risk of slip-and-falls. Nor is the issue whether Wal-Mart employees had an opportunity to be aware of the wet wipe—which Plaintiff argues that they did because they walked by it and did not conduct safety sweeps of the area in the hour before the fall. Instead, the subjective element requires Wal-Mart to have been aware of the wet wipe and nevertheless to have acted with conscious indifference. Plaintiff has presented no evidence to show Defendant had "actual awareness" of the wet wipe or the risk it posed.

## IV. CONCLUSION

For the reasons stated above, Defendant's Partial Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 16th of March, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE